No. 2--05--1041 filed: 10/30/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY, as Successor to Reliance Insurance Company and United Pacific Insurance Company, | ) ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellant, | ) ) ) | |
| v. | ) ) | No. 04--L--494 |
| A.G. CARLSON, INC., | ) ) | |
| Defendant | ) ) | Honorable |
| (James A. Bowman and Barbara B. Bowman, Defendants-Appellees). | ) ) | F. Keith Brown, Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

This case raises the issue of which of three limitations periods applies in an action for the breach of a written indemnity agreement following a surety's payout on a construction bond: the two-year limitations period of section 13--204 of the Code of Civil Procedure (Code) (735 ILCS 5/13--204 (West 2004)) for contribution and indemnity actions; the four-year limitations period of section 13--214(a) of the Code (735 ILCS 5/13--214(a) (West 2004)) for the construction of improvements to real property; or the 10-year limitations period of section 13--206 of the Code (735 ILCS 5/13--206 (West 2004)) for the breach of written contracts. We conclude that, under the facts of this case, section 13--206's 10-year limitations period for written contracts applies.

## I. BACKGROUND

On October 5, 2004, plaintiff, Travelers Casualty and Surety Company, as successor to Reliance Insurance Company (Reliance) and United Pacific Insurance Company (United Pacific), filed suit against defendants, A.G. Carlson, Inc. (AGC), James A. Bowman, and Barbara B. Bowman. AGC was a construction contractor. From 1992 to 1998, James was AGC's president and Barbara was AGC's sole shareholder. In 1992, AGC was awarded contracts to provide and install structural steel and metal fabrications for public construction projects. Specifically, AGC was awarded subcontracts for work related to the expansion of the Du Page County jail, the construction of the Federal Correctional Institution and prison camp in Pekin, and the expansion of Faraday Hall on Northern Illinois University's campus in De Kalb. Reliance and United Pacific, acting as sureties, issued three performance and payment bonds to AGC to guarantee its fulfillment of the construction contracts. The bond contract required that AGC, James, and Barbara sign an indemnity agreement.

AGC defaulted on its construction contracts. As a result, Reliance appeared in two suits related to the performance bond for the Faraday Hall construction project. In the first suit, it appeared on September 12, 1994. In the second suit, it was served with the summons and complaint through the Department of Insurance on September 15, 1994, and it appeared on November 16, 1994. On November 4, 1994, an action was filed against Reliance in federal court relating to the Pekin prison project. AGC filed for bankruptcy on December 12, 1994, and Reliance appeared in that proceeding on January 23, 1995. On September 18, 1995, in the bankruptcy proceeding, Reliance filed a proof of claim for $262,277.47, relating to the performance bonds issued to AGC for the Faraday Hall and Pekin prison projects. On April 26, 1996, United Pacific entered its

appearance in a suit based on the performance bond it issued to AGC for the Du Page County jail project.

In total, Reliance and United Pacific became liable for $343,900.69 in damages under the construction bonds they had issued to AGC. Plaintiff, as successor to Reliance and United Pacific, demanded that defendants indemnify it for this amount, plus interest, but defendants refused. Plaintiff filed this action on October 5, 2004, alleging that defendants had breached the indemnity agreement. On January 18, 2005, AGC was dismissed as a party, with prejudice. The Bowmans subsequently moved to dismiss under section 2--619(a)(5) of the Code (735 ILCS 5/2--619(a)(5) (West 2004)). They argued that plaintiff's action accrued from 1994 to 1996, and that section 13--214(a)'s four-year limitations period for actions related to the construction of improvements to real property barred plaintiff's claims. Plaintiff argued that section 13--206's 10-year statute of limitations for written contracts applied because its suit was based on the breach of a written indemnity agreement. Plaintiff submitted documents showing that the first payment made as a result of claims on the construction bonds was on October 10, 1994, when Reliance made a payment for legal services arising out of the claim made on the Faraday Hall project. The last payment made as a result of claims on the construction bonds was on December 20, 1999.

The trial court granted the Bowmans' motion to dismiss. It ruled that plaintiff's action accrued when Reliance and United Pacific learned of the bond claims and that section 13--214(a)'s four-year statute of limitations applied. Plaintiff timely appealed. It argues that the trial court erred by not applying section 13--206's 10-year limitations period. We have allowed the Surety and Fidelity Association of America to file an amicus curiae brief in support of plaintiff. See Official Reports Advance Sheet No. 26 (December 21, 2005), R. 345, eff. December 6, 2005.

II. ANALYSIS

The trial court granted the Bowmans' motion to dismiss under section 2--619(a)(5) of the Code (735 ILCS 5/2--619(a)(5) (West 2004)), which allows for the involuntary dismissal of an action that "was not commenced within the time limited by law." We review de novo a dismissal under section 2--619(a)(5). Prate Installations, Inc. v. Thomas, 363 Ill. App. 3d 216, 218 (2006).

As stated, plaintiff argues that the trial court erred by applying the four-year construction statute of limitations rather than the 10-year limitations period for written contracts. The Bowmans argue that the trial court applied the correct statute. They alternatively argue, for the first time on appeal, that the two-year limitations period for contribution and indemnity actions applies. The Bowmans maintain that they can advance this argument because we may affirm the trial court's decision on any basis supported by the record, regardless of the trial court's reasoning. See Cangemi v. Advocate South Suburban Hospital, 364 Ill. App. 3d 446, 460 (2006); see also Schanowitz v. State Farm Mutual Automobile Insurance Co., 299 Ill. App. 3d 843, 848 (1998) (an appellee may raise an issue for the first time on appeal to sustain the trial court's judgment as long as the factual basis for that issue was before the trial court). Plaintiff counters that this rule does not apply to an affirmative defense, such as a statute of limitations, because a party who fails to plead an affirmative defense waives that defense. See Smith v. Menold Construction, Inc., 348 Ill. App. 3d 1051, 1058 (2004) (a defendant who fails to raise an affirmative defense in the trial court forfeits that defense).

Section 2--613(d) of the Code (735 ILCS 5/2--613(d) (West 2004)) requires a party to set forth in its answer or reply any affirmative defense that is likely to take the opposite party by surprise. Here, the Bowmans raised section 13--214(a)'s limitations period in their motion to dismiss, and plaintiff countered that section 13--206's limitations period applied. As the issue of the

applicable limitations period was before the trial court, we conclude that the Bowmans have not waived their argument that section 13--204 applies. See also <u>Dial Corp. v. Marine Office of America</u>, 318 Ill. App. 3d 1056, 1066 (2001) (affirming trial court's judgment on the ground that section 13--206's limitations period applied, even though the defendant had argued in the trial court that the limitations period of its insurance policy applied).

Section 13--204 states that, with a few exceptions, it "shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose." 735 ILCS 5/13--204(c) (West 2004). Due to this broad preemption language, we shall examine this statute first. Section 13--204 is entitled "Contribution and indemnity" and provides in its entirety:

"(a) In instances where no <u>underlying action seeking recovery for injury to or death of a person or injury or damage to property</u> has been filed by a claimant, no action for contribution or indemnity may be commenced with respect to any payment made to that claimant more than 2 years after the party seeking contribution or indemnity has made the payment in discharge of his or her liability to the claimant.

(b) In instances where an <u>underlying action</u> has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party, <u>or his or her privy</u>, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires later.

(c) The applicable limitations period contained in subsection (a) or (b) <u>shall apply to all actions for contribution or indemnity</u> and shall preempt, as to contribution and indemnity

actions only, all other statutes of limitation or repose, but <u>only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action</u>, or in instances where no underlying action has been filed, the payment or discharge of the obligation of the party seeking contribution or indemnity is made before any such underlying action would have been barred by lapse of time.

(d) The provisions of this Section, as amended by Public Act 88--538, shall be applied retroactively when substantively applicable, including all pending actions without regard to when the cause of action accrued; provided, however, that this amendatory Act of 1994 shall not operate to affect statutory limitations or repose rights of any party which have fully vested prior to its effective date.

(e) The provisions of this Section shall not apply to any action for damages in which contribution or indemnification is sought from a party who is alleged to have been negligent and whose negligence has been alleged to have resulted in injuries or death by reason of medical or other healing art malpractice." (Emphasis added.)  735 ILCS 5/13--204 (West 2004).

Plaintiff argues that section 13--204 pertains to only indemnity and contribution actions arising out of personal injury or property damage.  It notes that before section 13--204 was amended in 1995, it applied to only contribution actions among joint tortfeasors.  See Pub. Act 88--538, eff. January 1, 1995; <u>Guzman v. C.R. Epperson Construction, Inc.</u>, 196 Ill. 2d 391, 401 (2001).  The amendment to the statute added indemnity claims to its coverage.  Pub. Act 88--538, eff. January 1, 1995.  Plaintiff believes that section 13--204 continues to apply just to cases where there is an

underlying tort action.  It points out that subsection (a) refers to underlying actions "seeking recovery for injury to or death of a person or injury or damage to property" (735 ILCS 5/13--204(a) (West 2004)), and plaintiff argues that this limiting language, although not present in the remainder of the statute, "sets the boundaries within which the statute was intended to apply."  In other words, plaintiff takes the position that this language should be read into subsections (b) and (c), which would have the result of excluding the current action.

Plaintiff additionally argues that section 13--204 is inapplicable here because subsection (c) states that it "shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose, but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action." (Emphasis added.) 735 ILCS 5/13--204(c) (West 2004).  Plaintiff maintains that the claimants in the underlying actions consisted of the owners and the other contractors on the Faraday Hall, Pekin prison, and Du Page County jail projects.  Plaintiff argues that although these claimants could have sued AGC, the contractor, they could not have sued the Bowmans as individuals.  Therefore, according to plaintiff, the above-quoted exclusion removes this case from the purview of section 13--204.  Plaintiff adds that this language further reveals that section 13--204 was intended to apply only to joint tortfeasor situations.

The Bowmans contend that section 13--204 applies because plaintiff seeks indemnification.  They cite United General Title Insurance Co. v. AmeriTitle, Inc., 365 Ill. App. 3d 142 (2006).  In that case, the plaintiff, United General Title Insurance Company (United General), was a title insurance underwriter, and the defendant, AmeriTitle, was a title insurance agent.  The parties entered into an agreement allowing AmeriTitle to issue insurance commitments on behalf of United General.

United General Title Insurance Co., 365 Ill. App. 3d at 145. AmeriTitle issued a loan policy to Washington Mutual Bank (Washington Mutual), insuring that the title to a piece of real estate was in the name of Josephine Czech and that Washington Mutual had the first mortgage lien on the property. United General Title Insurance Co., 365 Ill. App. 3d at 145-46. It was later discovered that a land trust held title to the property, rather than Czech, and that the trust had executed a mortgage that predated Washington Mutual's loan. United General demanded that AmeriTitle reimburse and indemnify it for the amount it had spent to resolve these title and lien issues, but AmeriTitle refused. United General sued AmeriTitle, and AmeriTitle moved to dismiss, arguing that United General's complaint was time-barred under sections 13--204 and 13--214.4 (relating to actions against insurance producers). United General responded that section 13--206's limitations period applied. United General Title Insurance Co., 365 Ill. App. 3d at 146. The trial court denied AmeriTitle's motion without prejudice, and pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)), it certified questions for appeal relating to the applicable limitations period. United General Title Insurance Co., 365 Ill. App. 3d at 147.

On appeal, United General presented arguments against the application of section 13--204 that are almost identical to the arguments on which plaintiff relies. Specifically, United General argued that section 13--204 was inapplicable because the underlying action was not based on personal injury or property damage, as required by the statute's plain language. United General Title Insurance Co., 365 Ill. App. 3d at 148. It maintained that "the legislature's original purpose in drafting section 13--204 was to provide a limitations period relating to indemnity actions arising out of tortious conduct between litigants," which excluded its action. United General Title Insurance Co., 365 Ill. App. 3d at 149. United General further argued that subsection (c) rendered the statute

inapplicable in that Washington Mutual had no claim against AmeriTitle because the underlying insurance policy was with United General.

The appellate court concluded that section 13--204's limitations period applied. It stated that United General was not seeking damages normally sought for breach of contract, but rather was seeking to have AmeriTitle indemnify it for costs associated with Washington Mutual's claim. United General Title Insurance Co., 365 Ill. App. 3d at 149. It reasoned that the nature of United General's complaint was therefore one for indemnity. The court then stated:

"Our review of section 13--204 reveals that its plain language provides that actions for contribution or indemnity may not be commenced 'more than 2 years after the party seeking contribution or indemnity has made the payment in discharge of his or her liability to the claimant.' 735 ILCS 5/13--204(a) (West 2004). We note that section 13--204 continues by providing that the statute of limitations set forth in that section 'shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statutes of limitations or repose.' 735 ILCS 5/13--204(c) (West 2004). Thus, section 13--204's plain language provides a two-year statute of limitations for contribution and indemnity actions and expressly preempts all other statutes of limitation and repose regarding contribution and indemnity claims." (Emphasis in original.) United General Title Insurance Co., 365 Ill. App. 3d at 150.

Plaintiff maintains that the United General decision is based on a selective reading of section 13--204 that ignores key provisions of that section, namely, the limiting language in subsections (a) and (c). We agree with plaintiff that United General does not adequately address the limitations present in subsection (c). The fundamental rule of statutory construction is to ascertain and give

effect to the legislature's intent. Wisniewski v. Kownacki, 221 Ill. 2d 453, 460 (2006). The best indication of that intent is the statute's language, which should be given its plain and ordinary meaning. Wisniewski, 221 Ill. 2d at 460. When the statute's language is clear and unambiguous, we must apply it without resorting to other statutory construction aids. Wisniewski, 221 Ill. 2d at 460. In this case, subsection (c) states that it "shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose, but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action." (Emphasis added.) 735 ILCS 5/13--204(c) (West 2004). Therefore, under the statute's plain language, it will not preempt other statutes of limitations in an indemnity action if the claimant in the underlying action could not have timely sued the party from whom indemnity is sought. Here, the Bowmans do not dispute that the claimants in the underlying actions could not have sued them directly. Accordingly, the subsection (c) restriction applies, rendering the limitations period of section 13--204 inapplicable to this case. In arriving at our conclusion, we express no opinion regarding plaintiff's argument that section 13--204 applies only where the underlying case is a tort action.

The Bowmans argue that section 13--204 would apply to an indemnity action by plaintiff against AGC and that, therefore, the statute would apply to plaintiff's action against them, because they are in privity with AGC. This argument is not convincing. Subsection (c) states that it applies "only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought." (Emphasis added.) 735 ILCS 5/13--204(c) (West 2004). The plain language of subsection (c) does not include the party's privy in its limitation. Had the legislature intended to include a party's privy, it would have added language to this effect, as it

did in subsection (b). See 735 ILCS 5/13--204(b) (West 2004) ("In instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced *** more than 2 years from the time the party, <u>or his or her privy</u>, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity" (emphasis added)); see also 735 ILCS 5/13--214(a) (West 2004) (including a party's privy).

Having decided that section 13--204 is inapplicable, we must now determine whether section 13--214(a) or section 13--206 applies. Section 13--214(a) provides a four-year limitations period for "[a]ctions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property." 735 ILCS 5/13--214(a) (West 2004). It further states that a contract action against a surety on a payment or performance bond must be commenced within the same time limitation that applies to the bond principal. 735 ILCS 5/13--214(a) (West 2004). Section 13--206 provides a 10-year limitations period for "actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing." 735 ILCS 5/13--206 (West 2004).

The Bowmans argue that the trial court correctly applied section 13--214(a) because they were sued for construction-related omissions that resulted in claims on the construction bonds. According to the Bowmans, "[n]on-performance under these payment and performance bonds is an 'act or omission' under" section 13--214(a). We disagree.

Section 13--214(a) protects a party who is being sued because it either engaged in an activity enumerated in section 13--214(a) (<u>People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.</u>, 114 Ill. 2d 252, 261 (1986)) or failed to engage in such an activity (<u>DeMarco v. Ecklund</u>, 341 Ill. App.

3d 225, 227-28 (2003)).  Thus, section 13--214(a)'s limitations period applies to an action alleging faulty construction against the architectural and engineering firm, general contractor, and masonry subcontractor involved in the building's construction.  Hellmuth, 114 Ill. 2d at 263.  It also applies to a landowner's failure to build a detention pond (DeMarco, 341 Ill. App. 3d at 227); a water reclamation district's failure to pay for work generated by the district in its capacity as a construction supervisor and/or manager (Blinderman Construction Co. v. Metropolitan Water Reclamation District of Greater Chicago, 325 Ill. App. 3d 362, 367 (2001)); and a landowner's nonpayment for extra work caused by its failure to timely approve or reject shop drawings (Lombard Co. v. Chicago Housing Authority, 221 Ill. App. 3d 730, 735 (1991)).  Section 13--214(a)'s limitations period does not apply to the failure of homeowners to pay for a new roof (Prate Installations, 363 Ill. App. 3d at 219) or the failure of a city and project engineer to pay the general contractor additional compensation provided for by contract (Paschen Contractors, Inc. v. City of Kankakee, 353 Ill. App. 3d 628, 636-37 (2004)).

Again, section 13--214(a) applies only if the defendant is being sued for its act or omission of one of the enumerated construction-related activities.  See Paschen Contractors, 353 Ill. App. 3d at 636.  Applying this principle to the instant case, we conclude that section 13--214(a) does not apply to plaintiff's action against the Bowmans.  The Bowmans are not facing suit due to their own act or omission of a construction-related activity.  As plaintiff points out, the Bowmans were not even parties to the underlying construction contracts or surety bond agreements.  Instead, the Bowmans are being sued as a result of their alleged breach of a written agreement to indemnify plaintiff.  Accordingly, section 13--206's 10-year limitations period for written contracts applies.

The Bowmans additionally argue that section 13--214(a) should apply because the statute is, "by its terms, applicable to the surety," which "means that no claim for which indemnification is sought from the indemnitors can be brought outside the limitations period set forth in [section] 13--214." The Bowmans refer to the portion of the statute that states: "Notwithstanding any other provision of law, contract actions against a surety on a payment or performance bond shall be commenced, if at all, within the same time limitation applicable to the bond principal." 735 ILCS 5/13--214(a) (West 2004). This argument is without merit, as this action is not against a surety and is not brought upon a payment or performance bond. Rather, it is a breach of contract action against individual signatories of an indemnity agreement.

Having concluded that section 13--206 applies, we must now determine when the limitations period began to run. Section 13--206 states that the action "shall be commenced within 10 years next after the cause of action accrued." 735 ILCS 5/13--206 (West 2004). A "cause of action accrues when a suit first may be maintained thereon." Brehm v. Sargent & Lundy, 66 Ill. App. 3d 472, 475 (1978). The ability of Reliance and United Pacific to bring suit depended upon the provisions of the indemnity agreement. Under the agreement, the Bowmans were to:

"indemnify, and keep indemnified, and hold and save harmless the Surety against all demands, claims, loss, costs, damages, expenses and attorneys' fees whatever, and any and all liability therefore [sic], sustained or incurred by the Surety by reason of executing or procuring the execution of any said Bond or Bonds, *** or sustained or incurred by reason of making any investigation on account thereof, prosecuting or defending any action brought in connection therewith ***. Payments of amounts due [to] Surety hereunder together with legal interest shall be payable upon demand." (Emphasis added.)

-13-

The agreement also contains a collateral security provision whereby the surety could demand funds from the Bowmans as collateral once it received a claim on its bond.

The Bowmans argue that because the contract indemnifies against "any and all liability," it is a contract of indemnity against liability, and the cause of action accrued upon AGC's failure to perform. They cite <u>Lamp, Inc. v. International Fidelity Insurance Co.</u>, 143 Ill. App. 3d 692 (1986). The Bowmans also argue that, based upon the collateral security provision, plaintiff's right to indemnification arose immediately upon the making of a claim. Plaintiff argues that the agreement indemnifies against both liability and loss and that the collateral security clause creates a distinct right that does not impair its other rights under the agreement.

An indemnity agreement is a contract and is subject to contract interpretation rules. The cardinal rule is to give effect to the parties' intent, which is to be discerned from the contract language. <u>Mountbatten Surety Co. v. Szabo Contracting, Inc.</u>, 349 Ill. App. 3d 857, 868 (2004). If the contract language is unambiguous, it should be given its plain and ordinary meaning. <u>Mountbatten Surety</u>, 349 Ill. App. 3d at 868. If the language is ambiguous, it should be strictly construed against the surety. <u>Board of Local Improvements South Palos Township Sanitary District v. St. Paul Fire & Marine Insurance</u>, 39 Ill. App. 3d 255, 258 (1976).

An indemnity contract may indemnify against (1) loss or damage or (2) liability. <u>Diaz v. Diaz</u>, 83 Ill. App. 3d 341, 343 (1980), citing 41 Am. Jur. 2d <u>Indemnity</u> §1, at 687 (1968). A single contract may also indemnify against both loss or damage and liability. <u>Diaz</u>, 83 Ill. App. 3d at 343, citing 41 Am. Jur. 2d <u>Indemnity</u> §1, at 687 (1968). In a contract of indemnity against loss or damage, the indemnitee cannot recover until he has made payment or otherwise suffered an actual loss; the mere legal liability to pay is insufficient. 42 C.J.S. <u>Indemnity</u> §23 (2006); see also <u>Diaz</u>,

83 Ill. App. 3d at 343. In a contract of indemnity against liability, the cause of action accrues as soon as the liability of the indemnitee has become fixed, such as by a judgment against him, even though the indemnitee had not sustained any actual loss or paid the judgment. 42 C.J.S. Indemnity §22 (2006); Diaz, 83 Ill. App. 3d at 343. Thus, contrary to the Bowmans' argument, a cause of action for indemnity against liability would not accrue when AGC failed to perform, because the surety's liability was not fixed at that point. As our supreme court has stated, "[i]t is clear that a cause of action on an indemnity agreement does not arise until the indemnitee either has had a judgment entered against him for damages, or has made payments or suffered actual loss." Gerill Corp. v. Jack L. Hargrove Builders, Inc., 128 Ill. 2d 179, 199 (1989).

In any event, we agree with plaintiff that the plain language of the agreement at issue indemnifies against both loss and liability, as it includes both of these terms. Furthermore, the indemnity agreement states: "Separate suits may be brought hereunder as causes of action accrue, and the pendency or termination of any such suit shall not bar any subsequent action." This language indicates that the parties contemplated distinct causes of action arising under the agreement. Thus, plaintiff's action for indemnity against loss accrued after it began making payments. Plaintiff made its first payment on October 10, 1994, so its October 5, 2004, suit against the Bowmans is within the 10-year limitations period as to all of its payments.

Lamp, cited by the Bowmans, does not compel a different result. In that case, the plaintiff, a general contractor, filed an action against a subcontractor and the subcontractor's surety. The plaintiff alleged that the subcontractor had breached a subcontract agreement, and that the surety was also liable for damages from the breach. The surety counterclaimed against the subcontractor for indemnity, including attorney fees and costs, pursuant to an indemnity agreement the subcontractor

had signed. Lamp, Inc., 143 Ill. App. 3d at 693. The trial court entered judgment in the defendants' favor, and it ruled that the issues in the surety's counterclaim were moot. The surety moved to modify the judgment to allow it to recover reasonable costs and attorney fees incurred in defending the action. It alternatively requested that it be allowed to seek recovery of its costs and fees through a separate action. The surety did not include an affidavit listing the costs and fees. The trial court denied the motion, stating that the surety had not proved the subcontractor's liability as to its counterclaim or offered evidence of its damages. Lamp, Inc., 143 Ill. App. 3d at 694.

On appeal, this court focused on the language of the indemnity agreement that stated that the subcontractor would indemnify the surety from liability and losses incurred " '[b]y reason of having executed or procured the execution of the Bonds.' " (Emphasis omitted.) Lamp, Inc., 143 Ill. App. 3d at 694. We held that the surety's right to indemnification arose immediately upon the general contractor's claim, regardless of the subcontractor's liability on that claim. Lamp, Inc., 143 Ill. App. 3d at 695. However, we affirmed the trial court's ruling because the surety had failed to offer proof of its damages at trial. Lamp, Inc., 143 Ill. App. 3d at 696. Notably, the Lamp decision did not distinguish indemnity for liability from indemnity for loss, and it also did not analyze the accrual of the action for statute of limitations purposes. Accordingly, we decline to apply it here. See also Gerill Corp., 128 Ill. 2d at 199 (stating that a cause of action on an indemnity agreement does not arise until the indemnitee has either had a judgment entered against him or has made payments or suffered actual loss).

We also believe that this case is distinguishable from Guzman, 196 Ill. 2d at 400-02, in which our supreme court held that the limitations period for third-party actions subject to section 13--204 begins to run on the date the third-party plaintiff is served with the underlying action. This case, in

contrast, involves neither a third-party action nor section 13--204. Furthermore, the Guzman court quoted with approval an appellate court case that held:

"[T]he cause of action for an implied contract of indemnity does not accrue until the defendant has a judgment entered against him or until he settles the claim made against him. Only at that point does the cause of action for indemnity accrue and the statute of limitations begin to run.' " Guzman, 196 Ill. 2d at 400, quoting Anixter Brothers, Inc. v. Central Steel & Wire Co., 123 Ill. App. 3d 947, 953 (1984).

See also 3 R. Michael, Illinois Practice, Civil Procedure Before Trial, §25.5 at 437 (1st ed. 1989) ("A claim for contribution or indemnity does not arise until the party attempting to assert the claim has paid or been held to be liable to the injured party, and an independent action may not be initiated until that time. This degree of maturity is not required to assert the claim in a third-party action").

The instant case is similar to a New Jersey case, First Indemnity of America Insurance Co. v. Kemenash, 328 N.J. Super. 64, 744 A.2d 691 (2000). There, the defendant owned a general contractor that defaulted on two municipal construction projects for which the plaintiff had acted as a surety. The plaintiff sued the defendant and his wife, alleging that it was entitled to reimbursement from them personally based on an indemnity agreement they had signed. The defendant moved for summary judgment on the basis that the action was barred by the statute of limitations. The trial court denied his motion and entered partial summary judgment for the plaintiff. First Indemnity, 328 N.J. Super. at 66, 744 A.2d at 692-93. On appeal, the defendant argued that the plaintiff's cause of action accrued when liability was imposed upon it. The defendant maintained that this occurred when the plaintiff entered a takeover contract with the municipal entity. First Indemnity, 328 N.J. Super. at 71-72, 744 A.2d at 696. The plaintiff argued that an action for contractual indemnification

against losses was not barred on statute of limitations grounds merely because the indemnitee decided not to pursue an action for indemnification against liability, or because the limitations period for such an action had already passed. First Indemnity, 328 N.J. Super. at 72, 744 A.2d at 696.

The appellate court construed the language of the agreement, which stated that the plaintiff would be indemnified for " 'every claim, demand, liability, loss, cost, charge, counsel fee, payable on demand of Surety, whether actually incurred or not,' " as indemnifying the plaintiff against both loss and liability. First Indemnity, 328 N.J. Super. at 73, 744 A.2d at 696-97. The court adopted the approach of a California case, United States Credit Bureau, Inc. v. Claus, 79 Cal. App. 2d 85, 179 P.2d 36 (1947), which held that a surety's right to indemnity against loss was distinct from its right to indemnity against liability, and that the surety could maintain an action to recover for actual loss even though the time had expired for an action of indemnity against liability. First Indemnity, 328 N.J. Super. at 75, 744 A.2d at 698. The First Indemnity court stated that such an approach "fulfills the expectations of the parties under the clear terms of their agreement and affords the surety the benefit of its bargain." First Indemnity, 328 N.J. Super. at 76, 744 A.2d at 698.

The reasoning of the First Indemnity court applies here, and it also supports plaintiff's assertion that the collateral security clause creates a distinct right that does not impair its other rights under the indemnity agreement. As noted, the contract states that "[s]eparate suits may be brought hereunder as causes of action accrue, and the pendency or termination of any such suit shall not bar any subsequent action." Therefore, plaintiff's decision to forgo exercising its right under the collateral security clause does not affect the limitations period on an action for indemnity against loss. Again, plaintiff made its first payment on October 10, 1994, so its October 5, 2004, action

against the Bowmans is within the 10-year limitations period of section 13--206 as to all of its payments. As such, the trial court erred by granting the Bowmans' motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the Kane County circuit court and remand the cause for further proceedings.

Reversed and remanded.

GROMETER, P.J., and O'MALLEY, J., concur.