Docket No. 103759.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

TRAVELERS CASUALTY & SURETY COMPANY, Appellee, v.
JAMES A. BOWMAN *et al.*, Appellants.

*Opinion filed July 24, 2008.*

JUSTICE KILBRIDE delivered the judgment of the court, with
opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, and Burke
concurred in the judgment and opinion.

Justice Garman specially concurred, with opinion, joined by
Justice Karmeier.

## OPINION

Plaintiff, Travelers Casualty & Surety Company, filed suit against
defendants, James A. and Barbara B. Bowman, for breach of a written
indemnity agreement relating to performance bonds. The circuit court
of Kane County granted the Bowmans' motion to dismiss, finding the
cause of action time-barred by the four-year statute of limitations in
section 13–214(a) of the Code of Civil Procedure (Code) (735 ILCS
5/13–214(a) (West 2004)), for construction improvements to real
property. The appellate court reversed the circuit court's judgment,
holding that Travelers' action is subject to the 10-year statute of
limitations generally applicable to written contracts in section 13–206

(735 ILCS 5/13–206 (West 2004)). 368 Ill. App. 3d 519. We allowed defendants' petition for leave to appeal. 210 Ill. 2d R. 315. We affirm in part and vacate in part the judgment of the appellate court and remand the cause to the circuit court.

## I. BACKGROUND

On October 5, 2004, plaintiff, Travelers Casualty & Surety Company, filed suit against A.G. Carlson, Inc., a metalworking firm, and defendants, James A. and Barbara B. Bowman, in the circuit court of Kane County. James Bowman was Carlson's president and Barbara Bowman was its sole shareholder. Carlson was subsequently dismissed with prejudice from the suit.

Travelers' complaint alleged that Reliance Insurance Companies and United Pacific Insurance Companies issued performance bonds to Carlson. According to the complaint, Travelers was the successor in interest to the rights of Reliance and United Pacific.

The first performance bond applied to metalwork for expansion of the Du Page County jail. The second performance bond covered metalwork at a federal correctional facility in Pekin, Illinois. The third performance bond applied to metalwork on an addition to a building at Northern Illinois University. In consideration of the issuance of the performance bonds, the Bowmans signed a general indemnity agreement.

Travelers' complaint alleged that it incurred $510,904.52 in losses, costs, and expenses on claims against the performance bonds in 1994 and 1996, when Carlson breached the underlying construction contracts. Travelers alleged that the Bowmans breached the indemnity agreement.

The Bowmans moved to dismiss Travelers' complaint pursuant to section 2–619(a)(5) of the Code (735 ILCS 5/2–619(a)(5) (West 2004)) on statute of limitations grounds. The Bowmans argued Travelers' claims were barred by the four-year statute of limitations in section 13–214(a) of the Code, for construction improvements to real property.

Travelers argued in a written response in opposition to the Bowmans' motion to dismiss that its action on the written indemnity agreement could only be subject to the 10-year statute of limitations

generally applicable to written contracts in section 13–206. Travelers asserted that the plain and unambiguous language of the indemnity agreement imposed an absolute contractual obligation on the Bowmans to indemnify and that Travelers' action is based upon the express contractual terms of the indemnity agreement.

The circuit court granted the Bowmans' motion to dismiss based on the four-year statute of limitations in section 13–214. The circuit court reasoned that Travelers' complaint was time-barred because more than four years had elapsed since the claims against the performance bonds.

Travelers appealed, arguing that the trial court erred by not applying the 10-year statute of limitations in section 13–206. The Bowmans countered that the trial court correctly applied the four-year statute of limitations in section 13–214. In the alternative, the Bowmans asserted, for the first time on appeal, that the two-year statute of limitations in section 13–204 for contribution and indemnity actions applies to Travelers' cause of action. The appellate court reversed the circuit court's dismissal of Travelers' complaint, holding applicable the 10-year statute of limitations in section 13–206. 368 Ill. App. 3d 519. We granted the Bowmans' petition for leave to appeal. 210 Ill. 2d R. 315.


## II. ANALYSIS

On appeal, the Bowmans contend that the appellate court erred in applying the 10-year statute of limitations pursuant to section 13–206 of the Code (735 ILCS 5/13–206 (West 2004)). In its objection to the Bowmans' motion to dismiss pursuant to the 4-year statute of limitations in section 13–214, Travelers maintained that the 10-year statute of limitations in section 13–206 applied to their cause of action. The basis of Travelers' appeal was that the circuit court erroneously applied the 4-year statute of limitations in section 13–214, rather than the 10-year statute of limitations pursuant to section 13–206.

The appellate court determined that the 10-year statute of limitations in section 13–206 applied to Travelers' cause of action because its complaint stated a cause of action for breach of contract. Section 13–206 provides, in relevant part:

"[A]ctions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within 10 years next after the cause of action accrued ***." 735 ILCS 5/13–206 (West 2004).

The applicability of a statute of limitations to a cause of action presents a legal question we review *de novo*. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 345 (2002). In *Armstrong v. Guigler*, 174 Ill. 2d 281 (1996), this court considered whether the 10-year statute of limitations in section 13–206 for actions on a written contract or the 5-year statute of limitations in section 13–205 for "all civil actions not otherwise provided for" applied to a cause of action alleging breach of an implied duty. In *Armstrong*, this court began its analysis by noting that "[t]he determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the nature of the action." *Armstrong*, 174 Ill. 2d at 286. In identifying the applicable limitations period, *Armstrong* recognized, "[w]e have long held that 'it is the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises which should determine what limitations period should apply.'" *Armstrong*, 174 Ill. 2d at 286-87 (quoting *Mitchell v. White Motor Co.*, 58 Ill. 2d 159, 162 (1974), and citing *Handtoffski v. Chicago Consolidated Traction Co.*, 274 Ill. 282 (1916)). To determine the true character of a plaintiff's cause of action, *Armstrong* emphasized that "[t]he focus of the inquiry is on the nature of the liability and not on the nature of the relief sought." *Armstrong*, 174 Ill. 2d at 291, citing *Mitchell*, 58 Ill. 2d at 162. *Armstrong* observed that "[t]he essence of any contractual action is found in the agreement's promissory language." *Armstrong*, 174 Ill. 2d at 291. This court concluded in *Armstrong* that a cause of action constitutes "an action on a written contract" within the meaning of section 13–206 only when liability emanates from the breach of a contractual obligation. *Armstrong*, 174 Ill. 2d at 291. This court explained in *Armstrong*:

"It is irrelevant whether the aggrieved party seeks monetary damages, specific performance, rescission or restitution. As long as the gravamen of the complaint rests on the

-4-

nonperformance of a contractual obligation, section 13–206 applies." *Armstrong*, 174 Ill. 2d at 291.

*Armstrong* found that the plaintiff's claim for breach of fiduciary duty did not result from the nonperformance of contractual obligations and, consequently, the claim was not an action on a written contract, but was collateral to the contract. *Armstrong*, 174 Ill. 2d at 293. Accordingly, the court held that the 5-year statute of limitations in section 13–205, rather than the 10-year statute of limitations in section 13–206, applied to plaintiff's claim for breach of fiduciary duty. *Armstrong*, 174 Ill. 2d at 296.

Applying *Armstrong* to the allegations of Travelers' complaint reveals that Travelers seeks damages for the Bowmans' failure to perform their contractual duties in the written indemnification agreement. Travelers' complaint alleges that the Bowmans breached the indemnity agreement based on the second paragraph of the indemnity agreement. In the second paragraph of the indemnity agreement, the Bowmans agreed:

> "To indemnify, and keep indemnified, and hold and save harmless the Surety against all demands, claims, loss, costs, damages, expenses, and attorney fees whatever, and any and all liability therefore, sustained or incurred by the Surety by reason of executing or procuring the execution of any said Bond or Bonds, or any other Bonds, which may be already or hereafter executed on behalf of the Contractor, or renewal or continuation thereof, or sustained or incurred by reason of making any investigation on account thereof, prosecuting or defending any action brought in connection therewith, obtaining a release therefrom, recovering or attempting to recover any salvage in connection therewith or enforcing by litigation or otherwise any of the agreements herein contained. Payments of amounts due Surety hereunder together with legal interest shall be payable on demand."

Travelers' complaint further alleges that the Bowmans refused Travelers' demand for indemnification, thus breaching the written indemnification agreement.

It is clear that Travelers seeks recovery for damages from the Bowmans' nonperformance of express contractual obligations. The

Bowmans allegedly failed to pay under the express terms of the indemnity agreement. The nature of the Bowmans' liability is a breach of the written indemnity agreement. Consequently, Travelers' claim is an action on a written contract for payment of money, not for nonperformance of Carlson's construction work. We conclude the appellate court correctly determined that the 10-year statute of limitations in section 13–206 of the Code, for breach of written contract, applies to Travelers' cause of action against the Bowmans for breach of their contractual obligations under the written indemnity agreement.

The Bowmans contend, however, that the four-year statute of limitations in section 13–214, for construction improvements to real property, applies to Travelers' cause of action. Section 13–214(a) applies to causes of action involving construction-related activities and provides, in relevant part:

> "Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission. Notwithstanding any other provision of law, contract actions against a surety on a payment or performance bond shall be commenced, if at all, within the same time limitation applicable to the bond principal." 735 ILCS 5/13–214(a) (West 2004).

According to the Bowmans, under the terms of the indemnity agreement, they were responsible for performing the same acts of construction as Carlson. Therefore, the Bowmans contend, they were involved "in the design, planning, supervision, observation or management of construction or construction of an improvement to real property," under section 13–214(a).

We reiterate that in determining the applicable statute of limitations, the focus of our inquiry is on the nature of the liability. *Armstrong*, 174 Ill. 2d at 291. To constitute an action for "an act or omission *** in the design, planning, supervision, observation or management of construction, or construction of an improvement to

real property" within the meaning of section 13–214, liability must rest on construction-related activity.

Here, the liability at issue emanates not from construction-related activity but, rather, from the breach of a contractual obligation to indemnify. See *People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.*, 114 Ill. 2d 252, 263 (1986) ("Issuance of a performance bond cannot be deemed to be engaging in the 'design, planning, supervision, observation or management of construction, or construction' "). Obligations arising out of indemnification agreements require proof of a breach of contract and, therefore, parties to an indemnity agreement regarding performance bond sureties are not included in section 13–214. See *Skinner*, 114 Ill. 2d at 264.

Carlson's breach of construction contracts resulted in payment of claims under the performance bonds. The payment of claims under the performance bonds then triggered the Bowmans' obligation to perform under the indemnity agreement. The Bowmans' liability to Travelers does not, however, emanate from Carlson's breach of the construction contracts. Rather, the Bowmans' liability emanates from the refusal to perform their obligation of indemnification under the written indemnification agreement after claims were made against the underlying performance bonds. We hold, therefore, that section 13–214 is inapplicable to Travelers' cause of action.

Alternatively, the Bowmans contended, for the first time on appeal, that the two-year statute of limitations in section 13–204 of the Code (735 ILCS 5/13–204 (West 2004)), for contribution and indemnity actions, applies to Travelers' cause of action. The Bowmans cite *United General Title Insurance Co. v. AmeriTitle, Inc.*, 365 Ill. App. 3d 142 (2006), in support of their argument that section 13–204 applies. The appellate court declined to follow *United General*, agreeing with Travelers that *United General* did not adequately address the limitations of section 13–204.

We note that defendants did not raise this argument in the trial court. Defendants raised the statute of limitations in section 13–204 for the first time in the appellate court. In *Shaw v. Lorenz*, 42 Ill. 2d 246, 248 (1969), this court noted the general rule that although a defense not raised in the trial court may not be raised for the first time on appeal by an appellant, "the appellee may urge any point in support of the judgment on appeal, even though not directly ruled on by the

trial court, so long as the factual basis for such point was before the trial court." Here, defendants were the appellees, urging the appellate court to affirm the circuit court's decision. Defendants argued section 13–204 as an alternate basis for affirming the circuit court's dismissal of plaintiff's cause of action as untimely.

If applicable, section 13–204 would support the circuit court's dismissal of plaintiff's cause of action. While the trial court in this case did not rule on the applicability of section 13–204, the issue was fully briefed, argued, and decided in the appellate court and also briefed and argued before this court. The Bowmans raised a statute of limitations defense and the complaint filing date is in the record. The Bowmans contend that it was not filed within two years of when Travelers' cause of action accrued. Thus, all the facts necessary for a legal determination of whether section 13–204 is the proper statute of limitations applicable to this cause of action are present in the record.

We now consider the applicability of section 13–204 to Traveler's cause of action by looking to the plain language of the statute. Section 13–204 provides:

"(a) In instances where no underlying action seeking recovery for injury to or death of a person or injury or damage to property has been filed by a claimant, no action for contribution or indemnity may be commenced with respect to any payment made to that claimant more than 2 years after the party seeking contribution or indemnity has made the payment in discharge of his or her liability to the claimant.

(b) In instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires later.

(c) The applicable limitations period contained in subsection (a) or (b) shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or

-8-

repose, but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action, or in instances where no underlying action has been filed, the payment in discharge of the obligation of the party seeking contribution or indemnity is made before any such underlying action would have been barred by lapse of time.

(d) The provisions of this Section, as amended by Public Act 88–538, shall be applied retroactively when substantively applicable, including all pending actions without regard to when the cause of action accrued; provided, however, that this amendatory Act of 1994 shall not operate to affect statutory limitations or repose rights of any party which have fully vested prior to its effective date.

(e) The provisions of this Section shall not apply to any action for damages in which contribution or indemnification is sought from a party who is alleged to have been negligent and whose negligence has been alleged to have resulted in injuries or death by reason of medical or other healing art malpractice." 735 ILCS 5/13–204 (West 2004).

Notably, under the plain language of the statute, section 13–204 states that its limitation periods "shall apply to all actions for contribution or indemnity" (735 ILCS 5/13–204(c) (West 2004)). In general, the right to indemnity may be based upon an express contract or implied in law. See generally 21 Ill. L. & Prac. *Indemnity* §13 (2007). The right to common law implied indemnity is available to "a tortfeasor whose liability is vicariously imposed by policy of law rather than culpability of conduct." *Allison v. Shell Oil Co.*, 113 Ill. 2d 26, 35 (1986). For example, if "an injured party could hold an employer or property owner vicariously liable for the negligence of an employee or other person, a right of indemnity would be implied in favor of the party liable in law who had not contributed to the injury." *Allison*, 113 Ill. 2d at 29. See also *American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini Medical Center*, 154 Ill. 2d 347 (1992) (recognizing the continued viability of common law implied indemnity).

In sections 13–204(a) and 13–204(b), the term "indemnity" is used in the disjunctive with the term "contribution." 735 ILCS 5/13–204(a), (b) (West 2004). Sections 13–204(a) and 13–204(b) are plainly addressing cases involving the allocation of damages in connection with an underlying tort claim for injury to person or property. Sections 13–204(a) and 13–204(b) are not applicable when the basis for indemnity rests on a written indemnity agreement.

This conclusion is also underscored by the language of subsection (a) of section 13–204, referring to predicate actions "seeking recovery for injury to or death of a person or injury or damage to property" (735 ILCS 5/13–204(a) (West 2004)). Further, section 13–204(a) has long been applied to actions among joint tortfeasors. See *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 449-50 (2005).

To reiterate, looking to the plain language of the statute, section 13–204(a) allows for an action for contribution or indemnity within two years of a payment to a claimant only when "no underlying action seeking recovery for injury to or death of a person or injury or damage to property has been filed by a claimant." 735 ILCS 5/13–204(a) (West 2004). Nonetheless, *United General*, 365 Ill. App. 3d 142, held that when the allegations of a complaint establish indemnification, the two-year statute of limitations in section 13–204(a) applies, even though the basis for the underlying claim arises from a written agreement. *United General* erroneously assumed that section 13–204(a) applies to all actions seeking indemnification, regardless of whether the basis of the indemnification is expressed in contract or implied in tort. This is incorrect. Therefore, we overrule *United General* to the extent that it can be read to hold that section 13–204(a) applies to any action seeking indemnification. Rather, both sections 13–204(a) and 13–204(b) apply only when the action involves allocation of damages for implied indemnification. Section 13–204(a) applies "[i]n instances where no underlying action *** has been filed by a claimant." Thus, subsection (a) determines the starting of the limitations period when no underlying action has been filed. Section 13–204(b) applies "[i]n instances where an underlying action has been filed a claimant." 735 ILCS 5/13–204(a), (b) (West 2004). Subsection (b), therefore, determines the starting of the limitations period when an underlying action has been filed.

Additionally, section 13–204(c) provides that subsection (b) only applies "to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action." 735 ILCS 5/13–204(c) (West 2004). Here, A.G. Carlson, the company owned by the Bowmans, contracted with three underlying project plaintiffs to perform certain metalworking. Travelers' predecessors issued performance bonds to cover those projects. When A.G. Carlson did not perform the metalworking, the underlying project plaintiffs filed suit against A.G. Carlson and Travelers' predecessors in 1994 and 1996. Because the claimants in the underlying action (the project plaintiffs) could not have sued the Bowmans directly, as required by section 13–204(c), section 13–204(b) would therefore not apply. Accordingly, looking to the plain language of the statute, we find that the two-year statute of limitations of section 13–204 is inapplicable under the facts of this case.

Justice Garman concurs with this result but disagrees with our finding that section 13–204 cannot apply when an action is asserted for indemnity based upon a written contract. Slip op. at 15 (Garman, J., specially concurring, joined by Karmeier, J.). According to Justice Garman, section 13–204(b) "contains no language limiting its application to actions seeking recovery for injury to or death from a person or injury or damage to property." Slip op. at 16 (Garman, J., specially concurring, joined by Karmeier, J.). In support of her argument, Justice Garman cites to *Medrano v. Production Engineering Co.*, 332 Ill. App. 3d 562 (2002), and *Guzman v. C.R. Epperson Construction, Inc.*, 196 Ill. 2d 391 (2001). Slip op. at 17 (Garman, J., specially concurring, joined by Karmeier, J.). Justice Garman claims these cases "suggest[ ] that section 13–204 can apply, even where the indemnity sought arises from a written contract." Slip op. at 16 (Garman, J., specially concurring, joined by Karmeier, J.). We disagree because neither *Medrano* nor *Guzman* directly addressed the issue squarely before this court.

In *Medrano*, the underlying tort claim involved a worker injured by a punch press. The contract in *Medrano* was between the manufacturer of the punch press and the worker's employer. The appellate court in *Medrano* found section 13–204 inapplicable because the indemnity action was governed by the limitations period in the

contract. The nature of the defendant's liability was established by its express contractual obligations. Consequently, in absence of a specific limitations period provided in the contract, the 10-year statute of limitations in section 13–206 for "actions on written contracts" would be applicable. *Medrano*, 332 Ill. App. 3d at 575.

In *Guzman*, the underlying action was for breach of a construction contract. The defendant's initial third-party indemnification claim was based on breach of subcontracts. The defendant's third-party complaint was later amended to include express and implied indemnity claims. *Guzman*, 196 Ill. 2d at 394. In *Guzman*, the four-year statute of limitation in section 13–214(a) applied to the third-party claim because it was an action regarding " 'an act or omission *** in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property ***.' 735 ILCS 5/13–214(a) (West 1992)." *Guzman*, 196 Ill. 2d at 398. Although this court acknowledged that section 13–204 would apply to the third-party claim, it did not consider whether section 13–204 would apply to all three claims: breach of contract, express indemnity, and implied indemnity. Rather, this court merely used section 13–204 to support its holding that the statute of limitations began to run on the date the third-party plaintiff was served with the underlying action. Thus, the *Guzman* court was not presented with the issue of whether section 13–204 applied to an express indemnity agreement and it did not, therefore, examine that issue. Accordingly, we find unpersuasive Justice Garman's argument that *Guzman* "suggest[s]" that section 13–204 can apply to express indemnity claims based on written contracts.

In sum, section 13–204 is applicable to claims for implied indemnity involving allocation of damages in connection with an underlying tort claim for injury to person or property, regardless of whether subsection (a) or (b) is at issue. Section 13–204 is not applicable to claims for express indemnification based on a written contract. Because the claim at issue is based on a breach of express indemnification provisions in a written agreement, it is subject to the 10-year limitations period in section 13–206.

Having determined that neither the four-year statute of limitations in section 13–214(a) nor the two-year statute of limitations of section 13–204 applies in this case, we conclude that the appellate court

-12-

correctly determined that the 10-year statute of limitations in section 13–206 of the Code applies to Travelers' cause of action for breach of the written indemnity agreement. We determine, however, that the appellate court prematurely considered whether Travelers' cause of action was timely under section 13–206. Since the trial court did not rule on section 13–206, the appellate court should have simply reversed and remanded the cause for the trial court to determine whether Travelers' cause of action is timely under section 13–206. Further, in analyzing this issue, the appellate court erroneously focused on when the surety incurred loss or liability.

Section 13–206 provides that a cause of action for breach of contract "shall be commenced within 10 years next *after the cause of action accrued.*" (Emphasis added.) 735 ILCS 5/13–206 (West 2004). Travelers' cause of action for breach of contract could not accrue until the Bowmans breached the indemnity agreement. Paragraph two of the indemnity agreement provided: "Payments of amounts due Surety hereunder together with legal interest shall be payable *upon demand.*" (Emphasis added.) Under the terms of the indemnity agreement, Travelers' cause of action could not accrue until the Bowmans failed or refused to pay upon Travelers' demand for payment. A cause of action to enforce the indemnity agreement, therefore, was required to be commenced within 10 years after the Bowmans failed or refused to tender payment upon Travelers' demand. Without the date of the Bowmans' failure or refusal to tender payment in the record, the appellate court could not properly analyze whether the cause of action was timely under section 13–206.

We therefore vacate that part of the judgment of the appellate court as it relates to a determination of when the limitations period began to run in this case. We remand the cause to the circuit court for a determination of whether Travelers filed its cause of action within the applicable 10-year limitations period of section 13–206.

### III. CONCLUSION

We hold that the 10-year statute of limitations of section 13–206 of the Code of Civil Procedure applies to this cause of action for breach of written indemnity agreement. We therefore affirm in part and vacate in part the judgment of the appellate court and remand the

cause to the circuit court for further proceedings consistent with this opinion.

*Affirmed in part and vacated in part;*
*cause remanded.*

JUSTICE GARMAN, specially concurring:

I agree with the majority that the 10-year statute of limitations in section 13–206 of the Code applies to Travelers' cause of action in this case. 735 ILCS 5/13–206 (West 2004). Moreover, I agree that the statute of limitations in section 13–204 of the Code is not applicable. 735 ILCS 5/13–204 (West 2004). I do not fully agree with the majority's analysis of section 13–204, however, and thus I specially concur.

After discussing the plain language of section 13–204, the majority notes that the section states that its limitation periods " 'shall apply to all actions for contribution or indemnity.' " Slip op. at 9, quoting 735 ILCS 5/13–204(c) (West 2004). Further, the majority points out that, in general, the right to indemnity may be based upon an express contract or implied in law. Slip op. at 9.

Notwithstanding the above, the majority concludes that section 13–204 is never applicable when the basis for indemnity rests on a written indemnity agreement. Slip op. at 10. The majority asserts that "both sections 13–204(a) and 13–204(b) apply only when an action involves allocation of damages for implied indemnification." Slip op. at 10. Moreover, the majority states that "section 13–204 is applicable to claims for implied indemnity involving allocation of damages in connection with an underlying tort claim for injury to person or property, regardless of whether subsection (a) or (b) is at issue. Section 13–204 is not applicable to claims for express indemnification based on a written contract." Slip op. at 12.

Supporting its position, the majority points out that the term "indemnity" is used in the disjunctive with the term "contribution" in both sections 13–204(a) and 13–204(b). Slip op. at 10. Moreover, the majority notes that section 13–204(a) refers to predicate actions " 'seeking recovery for injury to or death of a person or injury or

-14-

damage to property.' " Slip op. at 10, quoting 735 ILCS 5/13–204(a) (West 2004).

Considering the above, the majority addresses *United General Title Insurance Co. v. AmeriTitle, Inc.*, 365 Ill. App. 3d 142 (2006), which the Bowmans cite in support of their position that section 13–204 applies to Travelers' cause of action in this case. Slip op. at 7. The majority notes that *United General* held that section 13–204(a) applied, even though the basis for the underlying claim in the case arose from a written agreement. The majority states that "*United General* erroneously assumed that section 13–204(a) applies to all actions seeking indemnification, regardless of whether the basis of the indemnification is expressed in contract or implied in tort." Slip op. at 10.

I agree with the majority inasmuch as it holds that section 13–204(a) cannot apply in a situation where the predicate action does not seek recovery for injury to or death of a person or injury or damage to property. However, that is not the issue in this case. Indeed, section 13–204(a) does not apply at all in this case, as it expressly applies only "[i]n instances where no underlying action *** has been filed by a claimant." 735 ILCS 5/13–204(a) (West 2004).

In this case, an underlying action was filed and thus section 13–204(b) would apply, barring the exceptions described in section 13–204(c), as it expressly states that it is applicable in "instances where an underlying action has been filed by a claimant." 735 ILCS 5/13–204(b) (West 2004). Section 13–204(c), however, provides that subsection (b) only applies "to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action." 735 ILCS 5/13–204(c) (West 2004). Because the claimants in the underlying action in this case could not have sued defendants directly, then, section 13–204(b) would not apply by its own terms. Slip op. at 11.

While the majority's analysis correctly recognizes that the plain language of section 13–204 makes clear that the statute does not apply in this case, it also goes further, finding that section 13–204 cannot apply in any situation where an action is asserted for indemnity based upon a written contract. I think this goes too far. While *United General* may have incorrectly interpreted section 13–204(a) in a

-15-

situation involving a written contract, that does not necessarily mean that section 13–204(b) cannot apply where the indemnity sought arises from a written contract.

Section 13–204(b) is the relevant section here and unlike section 13–204(a) it contains no language limiting its application to actions seeking recovery for injury to or death of a person or injury or damage to property. Additionally, while the majority focuses on *United General*, it is not the only case to have suggested that section 13–204 can apply, even where the indemnity sought arises from a written contract.

In *Medrano v. Production Engineering Co.*, 332 Ill. App. 3d 562 (2002), the appellate court considered a situation where an underlying plaintiff (Medrano) was injured while working with a punch press machine. The manufacturer of that machine, Production Engineering Company (Production), had a contract with Medrano's employer, Cam Fran Tool Company (Cam Fran), which provided that Cam Fran was to indemnify Production for any claims arising out of work performed under the contract. *Medrano*, 332 Ill. App. 3d at 564. This contract further made clear that any action taken to enforce the contract must be commenced within one year after the cause of action arises. *Medrano*, 332 Ill. App. 3d at 564.

After Medrano filed suit against Production, Production filed a third-party complaint against Cam Fran seeking indemnification for all costs it expended in relation to Medrano's underlying action. *Medrano*, 332 Ill. App. 3d at 564. Eventually, an issue arose as to whether or not Production timely filed its third-party complaint against Cam Fran. In considering this issue, the appellate court held that while section 13–204 provides the default statute of limitations for indemnity actions, it did not apply in that particular case because the parties involved had contracted for a different limitations period. *Medrano*, 332 Ill. App. 3d at 574-75 ("It is true that section 13–204 will 'preempt' other statutes of limitation, but it does not apply here. However, this is not because Medrano could not timely sue Cam Fran. Rather, section 13–204 is inapplicable because the parties in the instant case formed and agreed upon a *contractual* limitations period, which, as long as it is reasonable, does not allow them to fall back upon the default-statute of limitations" (emphasis in original)).

Similarly, in *Guzman v. C.R. Epperson Construction, Inc.*, 196 Ill. 2d 391 (2001), this court considered the applicability of section 13–204. In *Guzman*, the plaintiffs in the underlying action (the Guzmans) filed suit against C.R. Epperson Construction, Inc. (Epperson). *Guzman*, 196 Ill. 2d at 393. The Guzmans had a contract with Epperson for the construction of a home and they alleged Epperson breached that contract by constructing a home that contained numerous design and construction defects. *Guzman*, 196 Ill. 2d at 393. Faced with this suit, Epperson filed a third-party complaint against various subcontractors. *Guzman*, 196 Ill. 2d at 394. This complaint, which sounded in breach of contract, was amended to include both express and implied indemnity claims against each third-party defendant. *Guzman*, 196 Ill. 2d at 394. While *Guzman* does not specifically discuss what contractual language Epperson relied upon in filing its indemnity claims, the fact that the opinion notes that Epperson's complaint contained "express" indemnity claims indicates that at least some of them were contractual. In considering the effect of section 13–204, this court noted that while the section previously only applied to claims for contribution, it was amended "to include indemnity claims within its purview." *Guzman*, 196 Ill. 2d at 401. Further, this court found that "the General Assembly amended section 13–204 to include indemnity actions such as that involved here." *Guzman*, 196 Ill. 2d at 402.

Both *Medrano* and *Guzman* suggest, then, that section 13–204 can apply in situations involving third-party indemnity claims premised on written contracts. Moreover, nothing in section 13–204 itself suggests the contrary. In fact, section 13–204(c) suggests that the statute broadly applies, as it states that "[t]he applicable limitations period contained in subsection (a) or (b) shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose." 735 ILCS 5/13–204(c) (West 2004). This indicates that section 13–204 anticipates that one or more statutes of limitations could arguably apply in certain situations. It further indicates that when faced with such a situation, section 13–204 should be considered first, as long as certain exceptions also found in section 13–204(c) do not operate to negate the applicability of the statute.

In sum, I believe that the plain language of section 13–204 itself makes clear that the statute does not apply in this case. Accordingly, I agree that the 10-year statute of limitations in section 13–206 of the Code applies here. Unlike my colleagues, however, I think that it is unwise to completely foreclose the possibility that section 13–204 can apply to an indemnity claim based upon a written contract. Because the plain language of section 13–204 fully supports the resolution in this particular case, it is altogether unnecessary to declare, as the majority does, that "both sections 13–204(a) and 13–204(b) apply only when the action involves allocation of damages for implied indemnification." Slip op. at 10. This is particularly so where the language of the statute indicates no such result and this court has suggested just the opposite. See *Guzman*, 196 Ill. 2d at 391; see also *Medrano*, 332 Ill. App. 3d at 574-75.

JUSTICE KARMEIER joins in this special concurrence.