SECOND DIVISION
FILED: March 2, 2010

No. 1-08-3278

| | | |
|---|---|---|
| HELEN ULDRYCH, Individually and | ) | APPEAL FROM THE |
| as Special Administrator of the | ) | CIRCUIT COURT OF |
| Estate of RUDOLPH ULDRYCH, Deceased, | ) | COOK COUNTY. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VHS OF ILLINOIS, INC., d/b/a | ) | |
| MACNEAL HOSPITAL, | ) | |
| | ) | |
| Defendant and Counterplaintiff- | ) | No. 05 L 1597 |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHRISTOPHER D. JOYCE, M.D., | ) | |
| JEFFERY C. ZAWACKI, M.D., and | ) | |
| SUBURBAN SURGICAL ASSOCIATES, | ) | |
| LTD., a corporation, | ) | |
| | ) | THE HONORABLE |
| Defendants and Counterdefendants- | ) | SHELDON A. HARRIS, |
| Appellees. | ) | JUDGE PRESIDING. |

JUSTICE HOFFMAN delivered the opinion of the court:

VHS of Illinois, Inc., d/b/a MacNeal Hospital (MacNeal Hospital) appeals from an order of the circuit court dismissing its amended counterclaim for implied indemnity as time-barred pursuant to section 13-212(a) of the Code of Civil Procedure (Code) (735 ILCS 5/13-212(a) (West 2002)). For the reasons which follow, we affirm.

No. 1-08-3278

On February 10, 2003, Rudolph Uldrych underwent gastric bypass surgery at MacNeal Hospital. In February of 2005, Rudolph and his wife, Helen Uldrych, filed a medical malpractice action alleging that Rudolph suffered severe and permanent injuries as a result of the creation of a misconstructed bowel segment during the February 10, 2003, surgery. Among the defendants sued by the Uldrychs were the physicians who performed the surgery, Drs. Christopher Joyce and Jeffrey Zawacki, and the physicians' alleged employers, Suburban Surgical Associates, Ltd. (Suburban Surgical) and MacNeal Hospital.

Following the initiation of this lawsuit, Rudolph died and Helen was appointed special administrator of his estate. On August 26, 2005, Helen Uldrych filed a four-count, second-amended complaint, setting forth claims for survival and wrongful death. Counts I and III alleged that Dr. Joyce and Dr. Zawacki were negligent in creating and/or failing to diagnose the misconstructed bowel segment. These counts further alleged that Suburban Surgical was one of the physicians' employers and, therefore, vicariously liable. Counts II and IV, on the other hand, alleged that Drs. Joyce and Zawacki were MacNeal Hospital's actual or apparent agents and that MacNeal Hospital was vicariously liable for the physicians' negligent acts and omissions.

On August 27, 2008, MacNeal Hospital filed a counterclaim against Dr. Joyce, Dr. Zawacki, and Suburban Surgical. In its

No. 1-08-3278

counterclaim, MacNeal Hospital alleged that it had agreed to pay $1,000,000 to settle the underlying malpractice action and sought indemnification.

On September 19, 2008, the circuit court entered an order that dismissed the underlying medical malpractice action pursuant to a settlement, but specifically stated that MacNeal Hospital's counterclaim remained pending. On that same day, MacNeal Hospital filed an amended counterclaim, alleging that Drs. Joyce and Zawacki were the actual employees or agents of Suburban Surgical at the time the gastric bypass surgery was performed. Nevertheless, the amended counterclaim further alleged that Dr. Joyce, Dr. Zawacki, and Suburban Surgical owed MacNeal Hospital an implied quasi-contractual obligation for indemnification based on the assertions contained in the second-amended complaint that Drs. Joyce and Zawacki were the actual or apparent agents of MacNeal Hospital. The amended counterclaim again sought indemnification for the $1,000,000 that MacNeal Hospital had agreed to pay to settle the underlying action.

Thereafter, Dr. Joyce, Dr. Zawacki, and Suburban Surgical filed motions to dismiss MacNeal Hospital's amended counterclaim pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2002)). These motions alleged, inter alia, that MacNeal Hospital did not file its counterclaim for implied indemnification within the four-year statute of repose contained in section 13-212(a) of the Code (735 ILCS 5/13-212(a) (West

-3-

No. 1-08-3278

2002)), commonly referred to as the medical malpractice statute of repose.  On November 7, 2008, the circuit court granted the motions and dismissed MacNeal Hospital's amended counterclaim as time-barred.  This timely appeal followed.

In urging reversal of the dismissal of its amended counterclaim, MacNeal Hospital contends that the four-year medical malpractice statute of repose set forth in section 13-212(a) of the Code (735 ILCS 5/13-212(a) (West 2002)) does not bar its counterclaim for implied indemnity.  MacNeal Hospital argues that section 13-212 is inapplicable as its counterclaim is grounded in the quasi-contractual implied duty to indemnify, not medical malpractice.

MacNeal Hospital's amended counterclaim was dismissed pursuant to 2-619(a)(5) of the Code, which allows for involuntary dismissal when "the action was not commenced within the time limited by law."  735 ILCS 5/2-619(a)(5) (West 2002).  A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim.  Cohen v. McDonald's Corp., 347 Ill. App. 3d 627, 632, 808 N.E.2d 1 (2004).  Such a motion should be granted if, after construing the pleadings and supporting documents in a light most favorable to the nonmoving party, the court finds that no set of facts can be proved upon which relief can be granted.  Webb v. Damisch, 362 Ill. App. 3d 1032, 1037, 842 N.E.2d 140 (2005).  This court does not give deference to the

-4-

No. 1-08-3278

circuit court's ruling on a motion to dismiss pursuant to section 2-619, but, rather, reviews the matter de novo. Fuller Family Holdings, LLC v. Northern Trust Co., 371 Ill. App. 3d 605, 613, 863 N.E.2d 743 (2007).

As it relates to this case, section 13-212(a) of the Code provides that:

"[N]o action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." (Emphasis added.) 735 ILCS 5/13-212(a) (West 2002).

No. 1-08-3278

In determining whether this section of the Code applies, courts do not focus on the actual labeling of the claims. Orlak v. Loyola University Health System, 228 Ill. 2d 1, 14, 885 N.E.2d 999 (2007). Rather, the relevant question is whether the claims arose out of patient care. Orlak 228 Ill. 2d at 14. "Arising out of patient care" simply requires a causal connection between the patient's medical care and the injury. Brucker v. Mercola, 227 Ill. 2d 502, 523, 886 N.E.2d 306 (2007). This phrase has been interpreted broadly to include "any injuries that have their origin in, or are incidental to, a patient's medical care and treatment." Brucker, 227 Ill. 2d at 523-24.

In Hayes v. Mercy Hospital & Medical Center, 136 Ill. 2d 450, 557 N.E.2d 873 (1990), the Illinois Supreme Court held that third-party actions for contribution are subject to the four-year statute of repose set forth in section 13-212(a). Hayes, 136 Ill. 2d at 460-61. In reaching this conclusion, the Hayes court rejected the third-party plaintiffs' argument that an action for contribution does not seek recovery for the damages sustained by the original plaintiff, but rather, seeks the enforcement of an equitable duty to share liability among the parties responsible for the original plaintiff's injury. The court reasoned:

> "We believe that the plaintiffs'
> interpretation of the medical malpractice
> statute of repose unduly limits its scope and
> misapprehends the purpose behind its

-6-

enactment. It is true, as the plaintiffs observe, that an action for contribution need not be predicated on the same theory of recovery as that asserted by the plaintiff in the underlying action. [Citations.] Nevertheless, 'the basis for a contributor's obligation rests on his liability in tort to the injured party' [citation.], even if the plaintiff in the direct action did not assert the theory of liability on which the third-party action relies. The action for contribution apportions the damages among the parties responsible for the original plaintiff's injury, and the contributor is obligated for the damages directly created by the contributor's negligent actions. The third-party plaintiff, therefore, is seeking from the third-party defendant those damages proximately caused by the negligent acts of the third-party defendant which the third-party plaintiff may be obligated to pay in the underlying suit. This leads us to conclude that an action for contribution is an 'action for damages' under the medical

malpractice statute of repose." Hayes, 136
Ill. 2d at 456-57.

The Hayes court further observed that section 13-212 was enacted in response to a perceived medical malpractice insurance crisis and that a definite period in which an action was required to be filed would enable insurance companies to predict future liabilities and reduce health-care malpractice insurance premiums. Hayes, 136 Ill. 2d at 457-58. The supreme court determined that, "[b]ecause a suit for contribution against an insured for damages arising out of patient care exposes insurance companies to the same liability as if the patient were to have brought a direct action against the insured, we believe that the term 'or otherwise' in the medical malpractice statute of repose includes actions for contribution against a physician for injuries arising out of patient care." Hayes, 136 Ill. 2d at 458.

In Ashley v. Evangelical Hospitals Corp., 230 Ill. App. 3d 513, 594 N.E.2d 1269 (1992), this court expanded the holding in Hayes to third-party actions for implied indemnity. Ashley, 230 Ill. App. 3d at 522; see also Roberson v. Belleville Anesthesia Associates, Ltd., 213 Ill. App. 3d 47, 51, 571 N.E.2d 1131 (1991) (reaching a similar result). The Ashley court observed that, much like the relationship between a third-party plaintiff and a third-party defendant in an action for contribution, the indemnitee in an implied indemnity claim seeks from the

indemnitor those damages caused by the indemnitor in the underlying suit. Ashley, 230 Ill. App. 3d at 518. This court also noted that, similar to a suit for contribution, a claim for indemnification exposes an insurance company to the same liability as if the patient had brought a direct action against the insured. Ashley, 230 Ill. App. 3d at 521. Accordingly, the Ashley court concluded that the inclusion of third-party actions for implied indemnity within the ambit of the medical malpractice period of repose furthers the statute's legislative intent of enabling insurance companies to better predict future liability by reducing the extended exposure of physicians and hospitals to medical malpractice liability. Ashley, 230 Ill. App. 3d at 521.

In its briefs before this court, MacNeal Hospital acknowledges this court's holding in Ashley that the four-year medical malpractice statute of repose applies to claims for implied indemnity. See Ashley, 230 Ill. App. 3d at 522. Nevertheless, MacNeal Hospital contends that Ashley is no longer controlling in light of the Illinois Supreme Court's recent decision in Travelers Casualty & Surety Co. v. Bowman, 229 Ill. 2d 461, 893 N.E.2d 583 (2008) (Travelers).

In Travelers, an insurer issued several performance bonds to a metalworking company. After the company breached its underlying construction contracts and the payment of claims under the performance bonds resulted, the insurer filed suit against the company for indemnification based on a written indemnity

agreement the company had signed when the bonds were issued. The company moved to dismiss the suit, arguing that the insurer's claims were barred by the four-year statute of limitations in section 13-214(a) of the Code (735 ILCS 5/13-214(a) (West 2002)), applicable to construction improvements to real property. The insurer, however, asserted that the 10-year statute of limitations for written contracts in section 13-206 of the Code (735 ILCS 5/13-206 (West 2002)) should apply.

The Illinois Supreme Court ruled in favor of the insurer, noting that it had long held that the nature of the plaintiff's injury rather than the facts from which the claim arises determines what limitations period governs. Travelers, 229 Ill. 2d at 466, citing Armstrong v. Guigler, 174 Ill. 2d 281, 286-87, 673 N.E.2d 290 (1996). Applying this analysis, the supreme court determined that the company's liability did not emanate from a construction-related activity but from the breach of the written indemnity agreement, and, therefore, the four-year statute of limitations in section 13-214(a) was inapplicable. Travelers, 229 Ill. 2d at 469-70. Instead, the Travelers court concluded that the insurer's suit was governed by the 10-year statute of limitations for written contracts set forth in section 13-206. Travelers, 229 Ill. 2d at 478.

Relying on the holding in Travelers that the nature of the plaintiff's injury rather than the facts from which the claim arises determines what limitations period applies, MacNeal

Hospital maintains that, in determining whether its counterclaim for implied indemnity is barred by the medical malpractice statute of repose, we should focus on the quasi-contractual liability it was owed by Drs. Joyce and Zawacki, not the physicians' liability in the underlying medical malpractice action. See Allison v. Shell Oil Co., 113 Ill. 2d 26, 28-29, 495 N.E.2d 496 (1986) (noting that a claim for quasi-contractual implied indemnity arises from certain pre-tort relationships in which the indemnitor impliedly promised to indemnify the loss incurred by the indemnitee). Contrary to MacNeal Hospital's argument, however, we find Travelers to be distinguishable.

Unlike the statutes of limitations at issue in Travelers, the medical malpractice statute of repose expressly states that it applies to actions "arising out of patient care." Compare 735 ILCS 5/13-206, 13-214(a) (West 2002) with 735 ILCS 5/13-212(a) (West 2002). As previously discussed, this phrase has been interpreted broadly to include "any injuries that have their origin in, or are incidental to, a patient's medical care and treatment." Brucker, 227 Ill. 2d at 523-24. Accordingly, the medical malpractice statute of repose employs a much broader and different test than most statutes of limitations. We, therefore, conclude that the language in Travelers setting forth what courts should generally consider when determining which limitations period governs is wholly inapplicable. Rather, to determine whether an injury has its origin in or is incidental to a

patient's medical care and treatment and, thus, falls within the scope of the medical malpractice statute of repose, courts must look past the nature of the injury itself and, instead, examine the facts from which the injury arose.

Having rejected the arguments raised by MacNeal Hospital, we continue to adhere to this court's holding in Ashley that actions for implied indemnity are subject to the four-year period of repose contained in section 13-212(a) of the Code (735 ILCS 5/13-212(a) (West 2002)). As a consequence, MacNeal Hospital's implied indemnity claim, which was filed more than one-and-a-half years after the expiration of the period of repose, was properly dismissed by the circuit court.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

CUNNINGHAM, P.J., and THEIS, J., concur.