Docket No. 110170.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

HELEN ULDRYCH, Indiv. and as Special Adm'r of the Estate of Rudolph Uldrych, Deceased, v. VHS OF ILLINOIS, INC., d/b/a MacNeal Hospital, Appellant (Christopher D. Joyce *et al.*, Appellees).

*Opinion filed January 21, 2011.*

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Thomas, Garman, and Burke concurred in the judgment and opinion.

Justice Theis took no part in the decision.

## OPINION

In this appeal, the parties, who were all named as defendants in an underlying medical malpractice action, argue over the proper statute of repose to be applied to the defendant hospital's implied indemnity claim against the defendant doctors and their employer. In accord with the determinations made by the circuit and appellate courts, we hold that section 13–212(a) of the Code of Civil Procedure (735 ILCS 5/13–212(a) (West 2002) (medical malpractice statute of repose)) applies to the hospital's implied indemnity claim and, consequently, the claim was untimely filed. We set forth hereafter only those facts

necessary to provide a framework for our disposition.

## BACKGROUND

On February 10, 2003, Rudolph Uldrych underwent gastric bypass surgery at MacNeal Hospital. In February of 2005, Rudolph and his wife, Helen, timely filed a medical malpractice action against, *inter alia*, the physicians who performed the surgery—Drs. Christopher Joyce and Jeffrey Zawacki—and the physicians' alleged employers—Suburban Surgical Associates, Ltd., and MacNeal Hospital. Rudolph subsequently died, and Helen was appointed special administrator of his estate. On August 26, 2005, Helen filed, in the circuit court of Cook County, a second-amended complaint setting forth claims for survival and wrongful death. In that four-count complaint, plaintiff alleged, in counts I and III, that Drs. Joyce and Zawacki were negligent in creating and/or failing to diagnose Rudolph's misconstructed bowel segment. Those counts further alleged that Suburban Surgical was one of the physicians' employers and, therefore, vicariously liable. Counts II and IV alleged that Drs. Joyce and Zawacki were MacNeal Hospital's actual or apparent agents and that MacNeal Hospital was vicariously liable for the physicians' negligent acts and omissions.

On August 27, 2008, VHS of Illinois, Inc., d/b/a MacNeal Hospital, filed a counterclaim against Joyce, Zawacki, and Suburban Surgical. In its counterclaim, MacNeal alleged that it had agreed to pay $1 million to settle the underlying malpractice action, and it sought indemnification.

On September 19, 2008, the circuit court entered an order dismissing the underlying medical malpractice action pursuant to a settlement; however, the order specifically stated that MacNeal Hospital's counterclaim would remain pending. On that same day, MacNeal Hospital filed an amended counterclaim, alleging that Drs. Joyce and Zawacki were the actual employees or agents of Suburban Surgical at the time the gastric bypass surgery was performed. The amended counterclaim further alleged that Dr. Joyce, Dr. Zawacki, and Suburban Surgical owed MacNeal Hospital an implied, quasi-contractual obligation for indemnification based on the assertions contained in the second-amended complaint that Drs. Joyce

and Zawacki were the actual or apparent agents of MacNeal Hospital. The amended counterclaim again sought indemnification for the $1 million that MacNeal Hospital had agreed to pay to settle the underlying action.

In response, Joyce, Zawacki, and Suburban Surgical filed section 2–619 motions to dismiss MacNeal's amended counterclaim, arguing that the four-year limitation period of the medical malpractice statute of repose (735 ILCS 5/13–212(a) (West 2002)) applied to MacNeal's counterclaim for implied indemnification and that the counterclaim was not timely filed within the applicable four-year period. On November 7, 2008, the court granted the motions and dismissed the counterclaim as time-barred pursuant to section 13–212(a).

The appellate court affirmed the judgment of the circuit court, concluding that section 13–212(a) applied, and citing, as supporting authority, this court's opinion in *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450 (1990), and the appellate court's decision in *Ashley v. Evangelical Hospitals Corp.*, 230 Ill. App. 3d 513 (1992). 398 Ill. App. 3d 696, 696-700. In so holding, the appellate court distinguished this court's decision in *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461 (2008). 398 Ill. App. 3d at 700-01.

As the appellate court noted, this court, in *Hayes*, held that third-party actions for contribution are subject to the four-year statute of repose set forth in section 13–212(a). 398 Ill. App. 3d at 699 (citing *Hayes*, 136 Ill. 2d at 460-61). As the appellate court observed, in *Hayes*, this court discussed the "perceived medical malpractice insurance crisis" that prompted enactment of the medical malpractice statute of repose and concluded, " '[b]ecause a suit for contribution against an insured for damages arising out of patient care exposes insurance companies to the same liability as if the patient were to have brought a direct action against the insured, we believe that the term "or otherwise" in the medical malpractice statute of repose includes actions for contribution against a physician for injuries arising out of patient care.' " 398 Ill. App. 3d at 699-700 (quoting *Hayes*, 136 Ill. 2d at 458).

The appellate panel in this case next cited, and concurred with, the reasoning of the appellate court in *Ashley*, wherein that court extended the reasoning of *Hayes* to third-party actions for implied indemnity. Discussing *Ashley*, the appellate court noted:

"The *Ashley* court observed that, much like the relationship between a third-party plaintiff and a third-party defendant in an action for contribution, the indemnitee in an implied indemnity claim seeks from the indemnitor those damages caused by the indemnitor in the underlying suit. *Ashley*, 230 Ill. App. 3d at 518. This court also noted that, similar to a suit for contribution, a claim for indemnification exposes an insurance company to the same liability as if the patient had brought a direct action against the insured. *Ashley*, 230 Ill. App. 3d at 521. Accordingly, the *Ashley* court concluded that the inclusion of third-party actions for implied indemnity within the ambit of the medical malpractice period of repose furthers the statute's legislative intent of enabling insurance companies to better predict future liability by reducing the extended exposure of physicians and hospitals to medical malpractice liability. *Ashley*, 230 Ill. App. 3d at 521." 398 Ill. App. 3d at 700.

The appellate panel in this case distinguished *Travelers* by emphasizing the medical malpractice context that engendered MacNeal's third-party claim for implied indemnity:

"Unlike the statutes of limitations at issue in *Travelers*, the medical malpractice statute of repose expressly states that it applies to actions 'arising out of patient care.' Compare 735 ILCS 5/13–206, 13–214(a) (West 2002), with 735 ILCS 5/13–212(a) (West 2002)." 398 Ill. App. 3d at 701.

The appellate court observed that the medical malpractice statute of repose "employs a much broader and different test than most statutes of limitations," including section 13–206—governing actions on bonds and written contracts—and section 13–214(a)—prescribing the repose period applicable to actions for an act or omission in design and construction—both of which were at issue in *Travelers*. The appellate court opined:

"[T]he language in *Travelers* setting forth what courts should generally consider when determining which limitations period governs is wholly inapplicable. Rather, to determine whether an injury has its origin in or is incidental to a patient's medical care and treatment and, thus, falls within the scope of the medical malpractice statute of repose, courts must look past

-4-

the nature of the injury itself and, instead, examine the facts from which the injury arose." 398 Ill. App. 3d at 701.

In light of the holdings and reasoning of *Hayes* and *Ashley*, and the appellate court's distinguishing analysis of *Travelers*, the court concluded that section 13–212(a) applied to MacNeal's claim for implied indemnity, and the counterclaim, filed 1½ years after the expiration of the period of repose, was thus untimely and properly dismissed. 398 Ill. App. 3d at 702.

## PRINCIPAL STATUTES INVOLVED

We believe three principal statutes merit discussion: section 13–204 (contribution and indemnity); section 13–205 (the provision which MacNeal argues applies; a "catchall" statute that also specifically addresses "actions on unwritten contracts, expressed or implied"); and section 13–212(a) (the medical malpractice statute of repose).

Section 13–204 of the Code (735 ILCS 5/13–204 (West 2002))—the statute designated by the legislature to govern actions for contribution and indemnity unless otherwise specified—provides in pertinent part:

"Contribution and indemnity.

(a) In instances where no underlying action seeking recovery for injury to or death of a person or injury or damage to property has been filed by a claimant, no action for contribution or indemnity may be commenced with respect to any payment made to that claimant more than 2 years after the party seeking contribution or indemnity has made the payment in discharge of his or her liability to the claimant.

(b) In instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires later.

(c) The applicable limitations period contained in

-5-

subsection (a) or (b) shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose ***.

        ***

     (e) The provisions of this Section shall not apply to any action for damages in which contribution or indemnification is sought from a party who is alleged to have been negligent and whose negligence has been alleged to have resulted in injuries or death by reason of medical or other healing art malpractice."

Section 13–205 (735 ILCS 5/13–205 (West 2002))—the statute that MacNeal argues is applicable—provides in pertinent part as follows:

     "[A]ctions on unwritten contracts, expressed or implied, *** and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."

Section 13–212(a) (735 ILCS 5/13–212(a) (West 2002))—the medical malpractice statute of repose, which this court in *Hayes* held applicable to contribution actions "arising out of patient care"—provides as follows:

     "(a) Except as provided in Section 13–215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death."


ANALYSIS

The applicability of a statute of limitation or repose to a cause of

action presents a legal question subject to *de novo* review. *Travelers,* 229 Ill. 2d at 466. Our "singular concern" in determining which statute of limitation or repose applies is "to ascertain and give effect to the legislature's intent." *Moore v. Green*, 219 Ill. 2d 470, 488 (2006). When the spirit and intent of the legislature are clearly expressed and the objects and purposes of a statute are clearly set forth, courts are not bound by the literal language of a particular clause of the statute that might defeat such clearly expressed legislative intent. *In re Application of the County Treasurer*, 214 Ill. 2d 253, 259 (2005). We must presume that several statutes relating to the same subject—in this case periods of repose—are governed by one spirit and a single policy, and that the legislature intended the several statutes to be consistent and harmonious. See *Wade v. City of North Chicago Police Pension Board*, 226 Ill. 2d 485, 512 (2007); *DeLuna v. Burciaga*, 223 Ill. 2d 49, 60 (2006).

The legislature clearly intended that section 13–204 apply to actions for "contribution and indemnity" where the underlying action seeks "recovery for injury to or death of a person" (735 ILCS 5/13–204(a), (b) (West 2002)), the very situation with which we are confronted here. In fact, the legislature was so adamant that this section control that it inserted preemptive language into the statute to ensure that result: "The applicable limitations period contained in subsection (a) or (b) shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose ***." See 735 ILCS 5/13–204(c) (West 2002). This court has in fact acknowledged "both sections 13–204(a) and 13–204(b) apply *** when the action involves allocation of damages for implied indemnification" in connection with "an underlying tort claim for injury to person or property." *Travelers*, 229 Ill. 2d at 473-74.

Notwithstanding the legislature's clearly expressed intent to bestow preeminent effect upon section 13–204 with regard to this particular class of claims, the legislature nonetheless chose to exempt "any action for damages in which contribution or indemnification is sought from a party who is alleged to have been negligent and whose negligence has been alleged to have resulted in injuries or death by reason of medical or other healing art malpractice" (see 735 ILCS 5/13–204(e) (West 2002))—again, the very situation at hand. The

inescapable inference to be drawn is that *those* actions, *i.e.*, ones arising "by reason of medical or other healing art malpractice," present policy considerations so important that the legislature chose to deal with them elsewhere, in a provision that specifically addresses medical malpractice. The obvious place for that treatment is the medical malpractice statute of repose, which applies to actions for "damages for injury or death against any physician *** or hospital *** whether based upon tort, or breach of contract, or otherwise." 735 ILCS 5/13–212(a) (West 2002). This court, in *Hayes*, has already held that third-party *contribution* actions are subject to the four-year statute of repose set forth in section 13–212(a).

MacNeal argues that section 13–205 of the Code (735 ILCS 5/13–205 (West 2002)) should apply—the provision that addresses "actions on unwritten contracts, expressed or implied, *** and all civil actions not otherwise provided for." If we were to accept MacNeal's argument, we would have to conclude that the legislature took care to specifically exempt implied indemnity actions, arising out of "healing art malpractice," from a provision that would otherwise control them, only to dump them into what is essentially a generic, catchall provision. That conclusion is simply inconsistent with the legislature's statutory scheme.

It is irreconcilable with the aim and purpose of the medical malpractice statute of repose, which this court addressed at length in *Hayes.* As this court noted in *Hayes*, the medical malpractice statute of repose was the legislature's response to a perceived medical malpractice insurance crisis. *Hayes*, 136 Ill. 2d at 457. In an effort to address the problem, the legislature enacted the medical malpractice statute of repose, which ultimately imposed an outside time limit of four years in which an action could be brought against physicians and hospitals for actions arising out of patient care. *Hayes*, 136 Ill. 2d at 457. That definitive period for the filing of actions was viewed as necessary to prevent extended exposure of physicians and other hospital personnel to potential liability for their care and treatment of patients, thereby increasing an insurance company's ability to predict future liabilities. *Hayes*, 136 Ill. 2d at 458. As noted, this court, in *Hayes*, determined that a suit for contribution would fall within the purview of the statute's broad language and treatment therein would be consistent with the legislature's goals:

"Because a suit for contribution against the insured for damages arising out of patient care exposes insurance companies to the same liability as if the patient were to have brought a direct action against the insured, we believe that the term 'or otherwise' in the medical malpractice statute of repose includes actions for contribution against a physician for injuries arising out of patient care. *** The inclusion of the term 'or otherwise' following more restrictive language in the statute seems to us to indicate that the legislature intended the term to be all-inclusive. We believe that the term demonstrates the General Assembly's desire at the time it originally enacted the statute to limit a physician's exposure to liability for damages for injury or death arising out of patient care under all theories of liability ***." *Hayes*, 136 Ill. 2d at 458-59.

Within two years of this court's decision in *Hayes*, the appellate court, in *Roberson v. Belleville Anesthesia Associates, Ltd.*, 213 Ill. App. 3d 47, 51 (1991), and *Ashley*, 230 Ill. App. 3d at 516-22, held that the reasoning employed by this court in *Hayes* supports the inclusion of third-party actions for *implied indemnity*, arising out of patient care, within the scope of section 13–212(a). The legislature appears to have confirmed that the decisions in *Hayes*, *Roberson*, and *Ashley* reflected its intent and furthered its aims when it subsequently amended section 13–204 of the Code in a manner consistent with those authorities.

In Public Act 88–538, effective January 1, 1995, the legislature significantly expanded the text and scope of section 13–204, while refining its language in such a way as to more clearly express its intent. See Pub. Act 88–538 (eff. Jan. 1, 1995). First, the legislature evinced its intent to treat actions for contribution and indemnity in the same manner for purposes of the applicable period of repose. The legislature took a one-sentence statute, that had addressed only "contribution among tortfeasors" (see Ill. Rev. Stat. 1989, ch. 110, par. 13–204), and transformed it into a five-subsection provision that encompassed both "contribution and indemnity" and contained specific language meant to guarantee its preemptive effect over "all other statutes of limitation or repose" (735 ILCS 5/13–204(c) (West 2002))—with one important exception. The legislature chose to exempt from the statute's coverage "any action for damages in which

contribution or indemnification is sought from a party who is alleged to have been negligent and whose negligence has been alleged to have resulted in injuries or death by reason of medical or other healing art malpractice." 735 ILCS 5/13–204(e) (West 2002). Given the legislature's insistence upon the preemptive effect of section 13–204 in actions for contribution and indemnity, the only reasonable inference to be drawn from this one exemption is that the legislature intended that the provisions of section 13–204 yield, in this one instance, to those of a limitations statute that advances even more important policy considerations, considerations expressly related to "healing art malpractice." The only such limitations provision is found in section 13–212, the medical malpractice statute of repose. The legislature obviously did not feel the need to specify section 13–212(a) as the alternate applicable provision by naming it because the legislature assumed that actions for contribution and indemnity "arising out of patient care" were already covered there under the "or otherwise" language contained in that provision. Why? Courts of review in *Hayes*, *Roberson*, and *Ashley* had so held. There was no reason for legislators to think otherwise. We find the legislature's intent clear and unmistakable: it meant for *all* actions for damages "arising out of patient care" to be subject to the limitations of section 13–212, including contribution and indemnity claims—otherwise falling within the preemptive scope of section 13–204—where the "action for damages in which contribution or indemnification is sought" is filed against "a party who is alleged to have been negligent and whose negligence has been alleged to have resulted in injuries or death by reason of *medical or other healing art malpractice*." (Emphasis added.) 735 ILCS 5/13–204(e) (West 2002).

MacNeal's briefs offer no reasonable explanation why—despite the obvious applicability and interrelationship of sections 13–204(e) (contribution and indemnity) and 13–212(a) (medical malpractice), given these facts—the legislature might have intended to exempt only contribution and indemnification actions involving alleged medical malpractice from the purview of section 13–204 and then subject them to a limitations statute (section 13–205) that has nothing to do with medical malpractice, the very basis for their exemption.

Citing, selectively, our decision in *Travelers*, in an effort to persuade us that section 13–205 should apply, MacNeal would have

us focus on "the nature of the liability" involved in its implied indemnification claim to determine the applicable statute of limitations or repose. See *Travelers*, 229 Ill. 2d at 466-67. Citing this court's decision in *American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini Medical Center*, 154 Ill. 2d 347 (1992), MacNeal—suggesting it is a "blameless principal"—argues that the nature of the liability here is quasi-contractual and thus subject to the coverage of section 13–205. In the end, MacNeal's argument goes something like this: (1) section 13–204—the provision designated by the legislature to apply, generally, to indemnity claims—does not apply to its implied indemnity claim because the claim seeks indemnification from a party whose alleged negligence resulted in injuries or death by reason of medical malpractice; (2) the medical malpractice statute of repose—which applies to "action[s] for damages for injury or death *** whether based upon tort, or breach of contract, or otherwise, arising out of patient care"—does not apply because MacNeal's action for damages is not one for injury or death, but rather a quasi-contractual claim for indemnification. Thus, section 13–205 would apply by default.

It is debatable whether, hypothetically, a hospital whose reputation induces a patient to seek treatment therein from a doctor with the apparent authority of the institution can be deemed a "blameless principal" when the doctor ultimately commits malpractice. See generally *York v. Rush-Presbyterian-St. Luke's Medical Center*, 222 Ill. 2d 147, 184-85 (2006); *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 524-25 (1993). However, resolution of MacNeal's culpability is not of direct concern here. The issue of MacNeal's "culpability" arises in this instance as a result of MacNeal's convoluted attempt to distinguish *Hayes*. MacNeal argues that the action for contribution in *Hayes* involved "the apportionment of damages among culpable parties," whereas, MacNeal's action is one of a "blameless principal" seeking indemnification. Assuming, *arguendo*, that MacNeal *is* a "blameless principal," we find its blamelessness irrelevant for purposes of the pertinent analysis. The aim of the legislature in enacting any statute of repose is to preclude the filing of actions after a specified number of years and, in the case of the medical malpractice statute of repose, the legislature meant to prohibit *all* actions "arising out of patient care" that are brought more

than four years after the date of the alleged malpractice. We again quote from *Hayes*, wherein this court held that contribution actions arising from medical malpractice actions were governed by the limitations of section 13–212:

> "The inclusion of the term 'or otherwise' following more restrictive language in the statute seems to us to indicate that the legislature intended the term to be all-inclusive. We believe that the term demonstrates the General Assembly's desire at the time it originally enacted the statute to limit a physician's exposure to liability for damages for injury or death arising out of patient care under all theories of liability ***." *Hayes*, 136 Ill. 2d at 458-59.

Implied indemnity claims arising out of medical malpractice actions are governed by the same reasoning whether or not the party seeking indemnity is "culpable." Indeed, the legislature does not differentiate in the treatment of contribution and indemnity actions under the limitation provisions in section 13–204; there is no plausible basis for doing so once a contribution or indemnity action is removed from the purview of section 13–204 "by reason of medical or other healing art malpractice." See 735 ILCS 5/13–204(e) (West 2002).

Citing this court's decisions in *American National Bank* and *Travelers*, MacNeal opines that we must focus on the "nature of the liability" involved here—characterized as quasi-contractual—to determine the applicable statute of limitations or repose. MacNeal ignores the fact that that inquiry is merely a means to an end: the ascertainment of the applicable statute of repose. See *Travelers*, 229 Ill. 2d at 466-67. The principal rule of statutory construction is to give effect to the legislature's intent. *People v. Grever*, 222 Ill. 2d 321, 328 (2006). We are confident that we have ascertained the legislature's intent in this regard and have expressed the same in our foregoing analysis. However, we would note that application of *Travelers*' analysis to MacNeal's claim would not bring that claim within the purview of section 13–205. *Travelers* unequivocally states that implied indemnity actions are subject to the provisions of section 13–204. See *Travelers*, 229 Ill. 2d at 473-74.

Nor do we find it particularly significant, in light of our observations and findings heretofore, that this court in *Hayes* construed the phrase "or otherwise" more broadly and inclusively in

-12-

the context of the medical malpractice statute of repose than did this court, implicitly, in *Travelers* in the context of the construction statute of repose. See 735 ILCS 5/13–214(a) (West 2002). First, we note that the phrase, "or otherwise," appears in two different statutes, with differing aims and origins, in the midst of differing text. Moreover, one statute—the medical malpractice statute of repose—is, as we have found, the legislature's choice of statutes of repose to apply where a contribution or implied indemnity claim arises "by reason of medical or other healing art malpractice." See 735 ILCS 5/13–204(e) (West 2002). The legislature has expressed no such statutory interrelationship with respect to section 13–214(a). Furthermore, this court, in *Hayes*, has already construed the phrase "or otherwise" in the context of the medical malpractice statute of repose, and has found it to include related actions for contribution. This court, in *Travelers*, did not find it necessary to construe the phrase "or otherwise" in rendering its decision. The medical malpractice statute of repose—by its text and interrelationship with other limitations statutes, *i.e.*, section 13–204—clearly subsumes the type of action in question here, and that is the sole question to be answered. We find that MacNeal's counterclaim was properly dismissed as untimely filed pursuant to the provisions of section 13–212(a) of the Code. 735 ILCS 5/13–212(a) (West 2002).

For the foregoing reasons, we affirm the judgment of the appellate court.


Affirmed.


JUSTICE THEIS took no part in the consideration or decision of this case.